1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JESUS CHIPREZ,                              No.  1:18-cv-00727-SKO

12                      Petitioner,

13           v.                                  **ORDER TO SHOW CAUSE**

14   M.E. SPEARMAN,                              **(Doc. 8)**

15                      Respondent.

16

17          Petitioner, Jesus Chiprez, is a state prisoner proceeding *pro se* with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a prison disciplinary proceeding

19   in which he was found guilty of threatening to kill a corrections officer's immediate family.  (Doc.

20   8 at 18.)

21          Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

22   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly

23   appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

24   Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

25          Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a

26   person in custody pursuant to the judgment of a State court only on the ground that he is in custody

27

28

                                                 1

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." *Id*. at 489.

The Ninth Circuit has adopted a rule that if "a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." *Nettles*, 830 F.3d at 935. (quoting *Skinner*, 562 U.S. at 535 n.13).

Here, Petitioner challenges a prison disciplinary proceeding in which he was found guilty of threatening to kill a correction officer's immediate family and lost good time credit. (Doc. 8 at 3, 18.) Petitioner is serving an indeterminate sentence of 30 years to life. *Id*. at 2. Therefore, success on Petitioner's challenge to the disciplinary proceeding "would not necessarily lead to his immediate or earlier release from" custody.

Accordingly, within thirty (30) days, from the date of this order, Petitioner shall show cause why the Court should not dismiss this petition for lack of habeas jurisdiction pursuant to *Nettles*.

IT IS SO ORDERED.

Dated:  __**June 14, 2018**__                    _____ */s/ Sheila K. Oberto* _____

2

UNITED STATES MAGISTRATE JUDGE