UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CHIPREZ, | No.  1:18-cv-00727-SKO HC |
| Petitioner, | |
| v. | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| M.E. SPEARMAN, | |
| Respondent. | **(Doc. 15)** |

Petitioner Jesus Chipres is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and now moves for appointment of counsel.

In federal habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984).  Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.  Petitioner contends that the Court should appoint counsel based on his indigence.  Because nearly all prisoners share this same characteristic, Petitioner, who has competently submitted a petition, alleges no basis by which the Court may appoint counsel on his behalf.

//

//

1

Petitioner also states the Court must appoint counsel based on California Rules of Court 4.551(c)(2),[1] because the Court issued an Order to Show Cause on June 15, 2018. While in California, Petitioner has a right to counsel, in a federal proceeding, the Court follows the Rules Governing Section 2254 Proceedings and federal authority. Therefore, the Court will not appoint counsel at this time.

Based on the foregoing, Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **July 3, 2018**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] California Rule of Court 4.551(c)(2) provides: "On issuing an order to show cause, the court must appoint counsel for any unrepresented petitioner who desires but cannot afford counsel."