UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CHIPREZ,<br><br>             Petitioner,<br><br>       v.<br><br>M.E. SPEARMAN,<br><br>             Respondent. | No. 1:18-cv-00727-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS TO CONVERT PETITION FOR WRIT OF HABEAS CORPUS TO CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983**<br><br>**COURT CLERK TO ASSIGN DISTRICT JUDGE** |

Petitioner, Jesus Chiprez, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition is not cognizable in federal habeas corpus; therefore, the undersigned recommends the petition be converted to a civil rights action under 42 U.S.C. § 1983, after obtaining consent from Petitioner.

**I.     Background**

On May 21, 2018, Petitioner filed his petition for writ of habeas corpus. Petitioner challenges a prison disciplinary proceeding in which he was found guilty of threatening to kill a corrections officer's immediate family. (Doc. 8 at 18.) On June 15, 2018, the Court ordered Petitioner to show cause ("OSC") why the petition should not be dismissed for lack of jurisdiction

pursuant to *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). (Doc. 10.) Petitioner responded to the OSC stating that he is "entitled to relief." (Doc. 11.) Petitioner's response does not address why the Court should not dismiss the petition due to lack of habeas jurisdiction pursuant to *Nettles*.

## II.   Conversion to § 1983 Civil Rights Action

Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." *Id*. at 489.

The Ninth Circuit has adopted a rule that if "a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." *Nettles*, 830 F.3d at 935. (quoting *Skinner*, 562 U.S. at 535 n.13).

Here, Petitioner challenges a prison disciplinary proceeding in which he was found guilty of threatening to kill a correction officer's immediate family and lost good time credit. (Doc. 8 at 3, 18.) Petitioner is serving an indeterminate sentence of 30 years to life. *Id*. at 2. Therefore, success on Petitioner's challenge to the disciplinary proceeding "would not necessarily lead to his immediate or earlier release from" custody. The claim is more appropriate under § 1983.

"If the complaint is amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend" his complaint. *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strike rule). *Id.* (citing *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011); *Glaus*, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to submit a civil rights complaint form that names the proper defendants and seeks appropriate relief. The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deduction from income in his trust account, even if granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(b)(1).

Petitioner may also voluntarily dismiss his habeas petition without prejudice to refiling his claims as a §1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications, as set forth above.

### III.   Recommendations and Conclusions

Based on the foregoing, the undersigned recommends that the petition for writ of habeas corpus be converted to a civil rights action under 42 U.S.C. § 1983 after obtaining consent from Petitioner.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days**

1  after being served with these Findings and Recommendations, either party may file written
2  objections with the Court.  The document should be captioned ▯Objections to Magistrate Judge's
3  Findings and Recommendations.  Replies to the objections, if any, shall be served and filed within
4  **fourteen (14) days** after service of the objections.  The parties are advised that failure to file
5  objections within the specified time may constitute waiver of the right to appeal the District Court's
6  order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923
7  F.2d 1391, 1394 (9th Cir. 1991)).
8  
9  The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated:   **July 13, 2018**                                  /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE