UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CHIPREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M.E. SPEARMAN,<br><br>    Defendants. | No. 2:19-cv-00619 AC<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has already been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 24.

I.    Background

Plaintiff filed an original and an amended petition for writ of habeas corpus in 2018, challenging prison disciplinary proceedings that had resulted in the loss of good time credits. ECF Nos. 1, 8. The magistrate judge previously assigned to the case recommended conversion of the action to a civil rights case. ECF No. 14. Plaintiff consented to the conversion, ECF No. 15, and was ordered to file a § 1983 complaint, ECF No. 16. The subsequently filed complaint, ECF No. 19, is before the undersigned for screening.

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges in sum as follows. On May 30, 2017, at High Desert State Prison (HDSP) plaintiff received a Rules Violation Report (RVR) alleging that he had threatened to kill Officer Bautista's children. Plaintiff requested video footage, but it was not produced for the initial disciplinary hearing or the rehearing. Plaintiff's investigative employee failed to locate a key defense witness. The evidence against plaintiff was fabricated and consisted of lies. He "was framed."[1]

Plaintiff was found guilty and lost 150 days of credits. He also spent 30 days in administrative segregation. He was moved to a different prison, and the transfer deprived him of the opportunity to take certain classes that would have enhanced his parole chances. The wrongful finding that he is a "child killer" effectively dooms his prospects for parole. He seeks expungement of the RVR as well as damages.

IV. Failure to State a Claim

Claims One and Two assert that plaintiff's procedural due process rights were violated at the disciplinary hearing by the denial of audiovisual evidence ("the video footage in the building as well as the program office," ECF No. 19 at 3) and the investigative employee's failure to produce the testimony of an inmate porter known as Sly. The materials appended to the complaint indicate that the videotape evidence was denied for lack of relevance, ECF No. 19 at 32, and that the investigative employee was unable to identify the witness known as Sly, id. at 36.

---

[1] The administrative appeal documentation attached to the complaint reflects that plaintiff's defense was that he did not threaten to kill Officer Bautista's children; rather, he told Officer Bautista that he would ask God to take the children's souls, and that if it was God's will, God would do so. See ECF No. 19 at 13. Officer Bautista maintained that plaintiff had directly threated to kill the children when he was release from prison. Id. at 15, 18. The statement was witnessed by a second officer. Id. at 27.

Plaintiff does not specify what the video would have shown or what Sly would have said.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. As long as the five minimum Wolff requirements are met in a prison disciplinary proceeding, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Plaintiff's procedural due process claim fails for several reasons. First, the only defendant named in the complaint is the warden of HDSP. In a civil rights action, the plaintiff must name as defendants the individuals who caused the alleged violations of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996). The body of plaintiff's complaint does not identify, or name as defendants, the individuals responsible for the decision to deny video evidence and the failure to present particular witness testimony. There are no facts indicating that Warden Spearman was personally involved in these alleged violations of plaintiff's rights. The warden is not automatically responsible for the acts of his subordinates, because there is no respondeat superior liability under section 1983. See Iqbal, supra, 556 U.S. at 676. Accordingly, plaintiff has failed to state any claim for relief against the only named defendant.

On the merits of the procedural due process issue, plaintiff has not provided facts which demonstrate a denial of the minimum protections guaranteed by Wolff. There are no factual allegations showing that the requested video footage would have been relevant, let alone exculpatory. The exchange between plaintiff and Officer Bautista that formed the basis for the

charges took place in plaintiff's cell, during a search in which Officers Bautista and Ziehm found inmate manufactured alcohol. Video surveillance footage of other parts of the building, including the program office, would not have any obvious probative value as to what was said. Due process requires the opportunity to present a defense, within limits; it does not require prison officials to permit, let alone affirmatively obtain for an inmate's use, irrelevant evidence. See Wolff, 418 U.S. at 566.

There are also no facts indicating a due process violation in the investigative employee's failure to identify and question a possible inmate witness known only as Sly. The IE questioned another inmate witness who plaintiff had identified, ECF No. 19 at 36, and who appears from the question posed to have been a percipient witness to the encounter.[2] The IE also presented questions from plaintiff to numerous other witnesses. Id. at 32-37. Many of these questions were disallowed on relevance grounds. Id. In any event, investigative employees are not required by due process,[3] so their acts and omissions do not implicate plaintiff's due process rights. See Staggs v. Kelly, No. 2:18-cv-2843 KJN P, 2019 U.S. Dist. LEXIS 145906, at *6, 2019 WL 4034386, at *2 (E.D. Cal. Aug. 27, 2019) (collecting cases). Plaintiff's due process rights cannot have been violated by the failure of prison officials to locate a potential witness who plaintiff was unable to identify.

Claim Three alleges that the defects in the RVR hearing caused plaintiff to lose access to early parole consideration under Proposition 57.[4] Plaintiff cannot maintain a due process claim

---

[2] The inmate was asked whether he heard plaintiff threaten the lives of Officer Baustista's children. The witness answered "No." Id.

[3] As established in Wolff, inmates do not have an automatic right to assistance at a disciplinary hearing but may be entitled to assistance when they are illiterate or the issues are complex. Wolff, 418 U.S. at 570. In regard to assistance at a disciplinary hearing, California prisons distinguish between investigative employees and staff assistants. An investigative employee is responsible for gathering information for a senior hearing officer or disciplinary hearing committee by interviewing charged inmates, questioning all staff and inmates with relevant information, and screening prospective witnesses. Cal. Code Regs. tit. 15, § 3318(a). An investigative employee is assigned to assist a senior hearing officer or disciplinary hearing committee, not the charged inmate. Id. In contrast, a staff assistant informs the charged inmate of his rights and of disciplinary hearing procedures, advises and assists in the preparation for the disciplinary hearing, and represents the inmate's position at the hearing. Id., § 3318(b).

[4] Proposition 57 added Article 1, Section 32 to the California Constitution. It states in relevant

based on denial of early parole consideration, because he has no protected property interest in parole. There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. Swarthout v. Cooke, 562 U.S. 216, 220 (2011); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. Proposition 57 is purely a creature of state law, and deprivation of any rights that it creates therefore cannot be vindicated here. See 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process). Accordingly, Claim Three fails to state a claim upon which relief may be granted.

Plaintiff alleges throughout the complaint that the evidence against him on the RVR charges was false. He does not attempt to state an independent cause of action on this basis, nor could he do so. False statements by a correctional officer do not violate an inmate's constitutional rights and cannot, based on alleged falsity alone, support a claim under 42 U.S.C. § 1983. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984). As long as prison disciplinary charges are supported by "some evidence," due process is satisfied. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

For all these reasons, the complaint fails to state a claim upon which relief may be granted. The complaint therefore will not be served. Because plaintiff may be able to provide additional factual allegations related to his procedural due process claim, he will be granted leave

---

part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).

to amend.  Because allegations of false charges, fabricated evidence, and denial of the benefit of Proposition 57 cannot support any cognizable claim for relief, plaintiff is informed that the undersigned will recommend dismissal of any purported causes of action based on such allegations that are included in an amended complaint.

V.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Your complaint will not be served because the facts you have alleged are not enough to state a claim for relief.  First, in a civil rights complaint you must name as defendants the individuals who did the things you believe violated your rights.  Because this is no longer a

habeas case, the warden does not appear to be a proper defendant. Second, the hearing officer rejected your request for video evidence because it was irrelevant, and exclusion of irrelevant evidence does not violate due process. You have not stated facts showing that relevant evidence actually existed on videotape, or that the rejection of your request for the video violated due process. Third, the IE's actions cannot support a due process claim because you have no due process right to an IE. You also cannot base a constitutional claim on Proposition 57, false disciplinary charges, or fabricated evidence.

You are being given the chance to amend your complaint, to name the proper defendants and provide enough facts to show that your procedural due process rights were violated at the RVR hearing.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint has been screened and found not to state a claim for relief. Plaintiff is granted leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 4, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE