UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CHIPREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M.E. SPEARMAN, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0619 AC P<br><br><br>ORDER & FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

I.　　Background

Plaintiff filed an original and an amended petition for writ of habeas corpus in 2018, challenging prison disciplinary proceedings that had resulted in the loss of good time credits. ECF Nos. 1, 8. The magistrate judge previously assigned to the case recommended conversion of the action to a civil rights case. ECF No. 14. Plaintiff consented to the conversion, ECF No. 15, and was ordered to file a § 1983 complaint, ECF No. 16. The subsequently filed complaint, ECF No. 19, was then screened and found to not state any claims for relief, ECF No. 32. Plaintiff was given an opportunity to amend the complaint, id. at 8, and his amended complaint is now before the court, ECF No. 33.

II.　　Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendants Hudson, Moss,[1] Thompson, Bautista, Ziehm, Hawkins, Gonzales, and Knedler violated plaintiff's right to due process, retaliated against him, and falsified charges against him. ECF No. 33. Specifically, plaintiff alleges that his cellmate called Bautista a bitch, which led to Bautista harassing plaintiff and falsely claiming that plaintiff threatened his children in retaliation. Id. at 5. While plaintiff was waiting to be taken to the program office by Bautista and Ziehm, Hawkins told him to shut up, while Gonzalez threatened him in Spanish. Id. at 5. During plaintiff's disciplinary hearing, Hudson, who was the hearing officer, refused to consider videos that plaintiff claims are exculpatory. Id. at 4-5. The videos would have allegedly shown Bautista searching the lower tier and then looking at plaintiff's cell and heading straight to it after being told about plaintiff's cellmate's comment, as well as Bautista and Ziehm plotting to falsify the charges against plaintiff and Knedler reprimanding Bautista in the program office. Id. at 5. Moss failed to identify an inmate known as Sly, who plaintiff sought to use as a witness, and Thompson failed to respond to a request to use the videos during the disciplinary hearing. Id. at 4.

IV. Failure to State a Claim

A. Claim One

As in the original complaint, Claim One alleges that plaintiff's procedural due process rights were violated at a disciplinary hearing by the denial of audiovisual evidence and the failure to identify an inmate porter known as Sly. Despite now identifying the individuals responsible

---

[1] Plaintiff also appears to identify defendant Moss as "Mossman." ECF No. 33 at 4.

3

for these alleged violations (Hudson, Moss, and Thompson), plaintiff still fails to allege facts sufficient to support a cognizable due process claim.

Plaintiff has once again failed to provide facts which demonstrate a denial of the minimum protections guaranteed by Wolff v. McDonnell, 418 U.S. 539 (1974). Those protections include the right to (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. As long as the five minimum Wolff requirements are met in a prison disciplinary proceeding, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Although plaintiff alleges that he was denied the opportunity to present video evidence, his assertion that the requested video footage would have shown defendants Bautista and Ziehm plotting and Bautista being reprimanded is entirely speculative. Additionally, video surveillance footage of Bautista looking up at plaintiff's cell and then heading up to it would not have any obvious probative value as to what was said. Due process requires the opportunity to present a defense, within limits; it does not require prison officials to permit, let alone affirmatively obtain for an inmate's use, irrelevant evidence. See Wolff, 418 U.S. at 566.

There are also no facts indicating a due process violation in Moss's failure to identify a possible inmate witness known only as Sly. As plaintiff was previously advised, investigative employees are not required by due process, so their acts and omissions do not implicate plaintiff's due process rights. See Staggs v. Kelly, No. 2:18-cv-2843 KJN P, 2019 U.S. Dist. LEXIS 145906, at *6, 2019 WL 4034386, at *2 (E.D. Cal. Aug. 27, 2019) (collecting cases). Plaintiff's due process rights cannot have been violated by the failure of prison officials to locate a potential witness who plaintiff was unable to identify.

////

B. Claim Two

Claim Two alleges that the disciplinary charge prevents plaintiff from being considered for parole under SB 260 and that it was in retaliation for his cellmate's comments. ECF No. 33 at 5.

Although plaintiff now claims that he is ineligible for parole under SB 260 rather than Proposition 57, his claim is still not cognizable. As plaintiff was advised upon the screening of his original complaint, he cannot maintain a due process claim based on denial of early parole consideration, because he has no protected liberty interest in parole. There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. Swarthout v. Cooke, 562 U.S. 216, 220 (2011); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. Similarly, SB 260, like Proposition 57, is purely a creature of state law, and deprivation of any rights that it creates therefore cannot be vindicated here. See 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process).

Plaintiff's claim for retaliation also fails. To state a viable retaliation claim, plaintiff must allege facts establishing the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff's cellmate's comment about defendant Bautista is not protected conduct, and even if was, it was not plaintiff's conduct that prompted defendants' conduct.

C. Claim Three

Plaintiff once again alleges that the allegations against him on the RVR charges were false. ECF No. 33 at 6. In screening the original complaint, plaintiff was advised that false statements by a correctional officer do not violate an inmate's constitutional rights and it would

5

be recommended that any such claims be dismissed if they were included in the amended complaint. ECF 32 at 6-7.

V. <u>No Leave to Amend</u>

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato v. United States</u>, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given the additional facts provided by plaintiff, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

It is being recommended that your complaint be dismissed without leave to amend because the rejection of your request for video evidence as irrelevant does not violate due process and you have not stated facts showing that relevant evidence actually existed on videotape. For a retaliation claim defendants' must be motivated by you conduct, not someone else's conduct, and that conduct must be protected under the First Amendment. You also cannot base a constitutional claim on the violation of state law or false disciplinary charges.

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE